NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA PACHECO a/k/a THERESA CANETE,<br><br>Plaintiff,<br><br>v.<br><br>HUNT & HENRIQUES, INC. d/b/a HUNT & HENRIQUES ATTORNEYS AT LAW,<br><br>Defendant. | Case No.  2:19-cv-00468<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes THERESA PACHECO a/k/a THERESA CANETE ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of HUNT & HENRIQUES, INC. d/b/a HUNT & HENRIQUES ATTORNEYS AT LAW ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Los Angeles County, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant boats that it "represents creditors in situations where the obligations have become seriously delinquent with no resolution pending."[1] Defendant is a professional corporation organized under the laws of the state of California with its principal place of business at 151 Bernal Road, Suite 8, San Jose, California 95119. Defendant regularly collects upon consumers located in the state of California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

---

[1] https://www.hunthenriques.com/consumers/

9. Several years ago, Plaintiff obtained a line credit through Capital One Bank, N.A. ("Capital One") to finance the purchase of personal and other consumer goods and/or services.

10. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Capital One, thus incurring debt ("subject debt").

11. On or about October 31, 2018, Defendant mailed or caused to be mailed to Plaintiff a "dunning" letter in order to collect upon the subject debt.

12. Thereafter, on December 12, 2018, Defendant mailed or caused to be mailed a second collection letter to Plaintiff attempting to collect upon the subject debt.

13. Defendant's second collection letter explicitly mentions that Defendant is a debt collector.

14. Yet, Defendant deceptively failed to disclose in its second letter that any information obtained would be used for the purpose of debt collection.

15. Moreover, both letters' salutations read "Very truly yours," and are digitally signed by one of Defendant's attorneys, "Devin Jacobsen."

16. As such, both letters represented that they were sent by Mr. Jacobsen after he had engaged in a meaningful review of Plaintiff's account prior to sending the letter.

17. Moreover, Defendant's collection letters are form letters based on a quick inspection of their contents and format. Therefore, only a simple cut and paste exercise is needed to change the personal information of the recipient.

18. Defendant promotes itself as one of the largest collection law firms in the state of California.[2] Therefore, upon information and belief, Defendant mails a voluminous amount of these form letters on a daily basis.

---

[2] https://www.hunthenriques.com/

3

19. As a result of Defendant's misrepresentation regarding the extent to which an attorney reviewed the collection letter prior to sending it to Plaintiff, Plaintiff felt an undue sense of anxiety that she would be subjected to legal action if prompt payment was not made.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding her rights.

21. Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

22. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 2007.[3]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   **a. Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

---

[3] https://www.acainternational.org/search#memberdirectory

"The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3);

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

"The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

30. Defendant violated 15 U.S.C. §§ 1692e, e(3), and e(10) by sending at least two collection letters to Plaintiff suggesting that these letters were from, and reviewed by, an attorney. Upon information and belief, Defendant mails numerous collection letters on a daily basis, thus the attorneys are not able to meaningfully review and sign every single letter that Defendant mails. Based on the sheer volume of collection letters Defendant's attorneys send on a daily basis and the fact that Defendant's letters were digitally signed, it is evident that Defendant's attorneys did not engage in a meaningful review of each collection letter sent and the underlying account(s) associated with those letters. Sending form collection letters said to be from an attorney when such attorney did not engage in a meaningful review of the letter and associated accounts falsely implies that such attorney has reviewed the file and made the professional, considered determination to send the letter. Instead, the lack of sufficient review and the lack of any attorney judgment as to whether to send collection letters is in violation of the FDCPA.

31. Defendant further violated §§ 1692e, e(10), and e(11) through its failure to disclose that any information obtained in communications between Plaintiff and Defendant would be used for debt collection. By failing to divulge this statutorily mandated disclosure in its correspondence, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's objective was to obfuscate Plaintiff's rights in order to unlawfully

extract payment from Plaintiff and to prevent Plaintiff from prosecuting an FDCPA claim against Defendant.

### b. Violations of FDCPA § 1692f

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated 15 U.S.C. §1692f through its unfair and/or unconscionable misrepresentations that its debt collection correspondences were sent from an attorney who sufficiently reviewed the account(s) associated with such correspondence. This conduct gets to the heart of what the FDCPA was designed to redress – abusive debt collection practices. It is undoubtedly abusive and unfair for a debt collector to falsely suggest that its collection letters were sent after being reviewed by an attorney. This abusive debt collection practice has the impact of instilling an undue sense of urgency in consumers – an injury which the FDCPA was designed to redress. Plaintiff suffered this injury that the FDCPA was designed to redress, as the anxiety and concerns which came about as a result of thinking she was being sent debt collection letters from at least one attorney resulted in Plaintiff conferring with his counsel regarding the letter.

34. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by misguiding Plaintiff and obscuring her rights under the FDCPA. By failing to provide its statutorily mandated disclosures, Defendant unlawfully endeavored to shield itself from any potential retaliation.

WHEREFORE, Plaintiff, THERESA PACHECO a/k/a THERESA CANETE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

37. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

38. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

   **a. Violations of RFDCPA § 1788.17**

39. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

40. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f. Defendant's collection letter to Plaintiff failed to contain the full statutorily mandated disclosures in a deceptive attempt to obscure Plaintiff's rights. Moreover, Defendant engaged in deceptive and unfair behavior by invoking the involvement of an attorney when the facts surrounding the letters point to no meaningful involvement from an attorney. Therefore, Defendant's collection tactics only served to worry and confuse Plaintiff.

41. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable

Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, THERESA PACHECO a/k/a THERESA CANETE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: January 22, 2019        Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com