NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA PACHECO a/k/a THERESA CANETE,<br><br>Plaintiff,<br><br>v.<br><br>HUNT & HENRIQUES ATTORNEYS AT LAW,<br><br>Defendant. | Case No. 2:19-cv-00468-VAP-SS<br><br>**JOINT FRCP 26(f) REPORT**<br><br>Date:   May 20, 2019<br>Time:  1:30 p.m.<br>Place:  First Street Courthouse<br>            Courtroom 8A, 8th Floor<br>            50 West 1st Street,<br>            Los Angeles, California 90012 |

Pursuant to the Court's Order, Plaintiff THERESA PACHECO a/k/a THERESA CANETE ("Plaintiff") and Defendant HUNT & HENRIQUES ATTORNEYS AT LAW ("Defendants") (collectively, the "Parties") submit the following joint Rule 26(f) Report:

**1.     Statement of the case:**

   **(a)     Plaintiff's statement**

Plaintiff alleges that Defendant sent him a false, deceptive, and misleading correspondences attempting to collect on a default consumer debt in violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code

1

§1788.

**(b)     Defendant's statement**

Plaintiff overconstrues the legal reach of the statutes underlying her complaint. Plaintiff continues to allege facts after receiving evidence that her allegations are false, without having any conflicting evidence in hand.

2. **Legal issues:**

Whether Defendant properly advised Plaintiff of statutorily mandated disclosures. Whether disclosures that plaintiff asserts are "statutorily mandated" are actually mandated by statute and, if so, whether the statute is constitutionally permitted to impose such a mandate. The attorney review process of the collection correspondences sent by Defendant.

3. **Damages:**

(a)     **Plaintiff:** Plaintiff is entitled to statutory damages of up to $2,000.00 from Defendant for violations of the FDCPA and RFDCPA. Plaintiff is also seeking attorneys' fees and costs associated with this action.

(b)     **Defendant:** Defendant has not violated any statute, so plaintiff can recover nothing. To the extent that any statute may have been inadvertently violated, defendant is entitled to the absolute defense provided by 15 United States Code § 1692k.

4. **Insurance:**

(a)     **Plaintiff:** Has no applicable insurance.

(b)     **Defendant:** Has no applicable insurance.

5. **Motions:**

(a)     **Plaintiff:** At this time Plaintiff does not anticipate filing any Motions to Amend the Pleadings.

(b)     **Defendant:** Defendant does not anticipate moving to amend the pleadings.

**6. Complexity:**

The Parties agree that this matter is not suitable for utilization of the procedures of the Manual for Complex Litigation.

**7. Status of Discovery:**

The parties have not yet engaged in any formal or informal discovery.

**8. Discovery Plan:**

The parties anticipate written and oral discovery regarding the communications between the parties as well as Defendant's policies and procedures. Plaintiff may also conduct third-party discovery to the originator of the debt at issue. The parties do not anticipate any changes in the disclosures required by Rule 26(a). The number of interrogatories, requests for admissions, and requests for production of documents, as well as number and length of depositions, shall be as set forth in the Federal Rules of Civil Procedure. The parties do not anticipate any issues with Electronically Stored Information ("ESI"). If any ESI is exchange .pdf will be the default format (where applicable) unless native format is requested.

The parties propose the following timetable for discovery:

| | |
|---|---|
| Initial disclosures: | April 29, 2019 |
| Fact Discovery cut-off: | December 20, 2019 |

**9.     Expert Discovery:** The parties do not anticipate expert discovery on this matter at this time.  Plaintiff does anticipate the need for survey information regarding the correspondence at issue.

**10.    Dispositive Motions:**

   **(a)    Plaintiff:** Does not anticipate filing a Motion for Summary Judgment at this time.

   **(b)    Defendant:** Defendant will file a summary judgment motion. Defendant may file an anti-SLAPP motion as to the state law cause of action which, under FRCP, may be heard at any time at least 30 days before the date first set for trial.

**11.    Settlement Efforts:**

Plaintiff has tendered a settlement demand to Defendant and the parties are discussing the same.

The Parties request ADR No. 1—Settlement Conference by the Magistrate Judge assigned to the matter.

**12.    Preliminary Trial Estimate:**

Plaintiff has requested a jury trial and the parties anticipate any trial lasting two days.

**13.    Trial Counsel:**

Plaintiff will be represented by Nathan C. Volheim, Esq. and Nicholas M. Wajda, esq. at trial. Defendant will be represented by Kurtiss A. Jacobs, LL.M., and Donald Sherril, Esq.

**14.    Independent Expert or Master:**

The Parties agree that this case is not suitable for referral to a master or independent expert.

**15.    Other Issues:**

None at this time.

DATED:  May 6, 2019          Respectfully submitted,

          */s/Nathan C. Volheim*

          Attorneys for Plaintiff

DATED:                        Respectfully submitted,

          */s/*    *Kurtiss A. Jacobs*

          Attorneys for Defendant